The order below is hereby signed.

Signed: April 26, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
TEGESTE TESOME KETAW,              )   Case No. 11-00294
                                   )   (Chapter 11)
          Debtor.                  )
                                   )   Not for Publication in
                                   )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DIRECTING DEBTOR
TO SUPPLEMENT REQUEST FOR TEMPORARY WAIVER
OF THE PREPETITION CREDIT COUNSELING REQUIREMENT

On exhibit D to the voluntary petition, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances (Dkt. No. 1).  The debtor's summary of exigent circumstances states: "Debtor needs to file immediately to stop execution of writ of restitution and other aggressive collection efforts by the landlord and creditor, but Debtor is unable to access internet to enroll in online counseling.  Debtor has applied online for counseling and is waiting to hear back from counseling agency."

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling

and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, and the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Even if the debtor's perceived need to stop the execution of a writ of restitution constitutes an exigent circumstance within the meaning of 11 U.S.C. § 109(h)(3), the debtor has failed to provide adequate information regarding the debtor's prepetition request or requests to obtain credit counseling and why he was unable to obtain the counseling within seven days of requesting such services.  The debtor's statements about his inability to access the internet and having contacted a counseling agency are

too vague for the court to evaluate.  The court being unable to grant the debtor's request for a temporary waiver without additional information, it is

ORDERED that within 7 days after entry of this order, the debtor shall supplement his request for temporary waiver with a description of the prepetition request or requests that he made for credit counseling services, including the date on which such requests were made, the agency or agencies that he contacted, the identity of any individuals with whom he spoke or communicated at those agencies, and the reason why the agency or agencies were unable to provide the requested counseling within seven days of the debtor's requests.  It is further

ORDERED that if the debtor fails to supplement his request for waiver in accordance with the foregoing and to the satisfaction of the court, the court shall deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement and shall have no choice but to dismiss this case based upon the debtor's ineligibility to be a debtor in bankruptcy pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to:
Debtor; Debtor's attorney; Office of United States Trustee.