The document below is hereby signed.

Signed: April 26, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TEGESTE TESOME KETAW, | ) | Case No. 11-00294 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER

The petition in this case indicated that the case was being commenced as a case under chapter 11 of the Bankruptcy Code. In the part of the petition for indicating "Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)" the petition checked the box for "Chapter 11." On April 20, 2011, the debtor, through counsel, filed a praecipe (Dkt. No. 10), which states:

> Note petitioner's attorney's motion requesting that the instant case be filed as a chapter 13 bankruptcy rather than a chapter 11. Petitioner filed an emergency petition that mistakenly checked the box for a chapter 11, while the intent was to file under chapter 13, and filing under chapter 11 would not be appropriate. See attached.[1]

---

[1] An amended petition indicating that relief is sought under chapter 13 was attached to the praecipe.

The court treats this praecipe as a motion to treat the case as a chapter 13 case from the outset.  When the petition was filed with the chapter 11 box checked, however, the case commenced as a case under chapter 11 of the Bankruptcy Code.  Once the case commenced as a chapter 11 case, the chapter under which the case was commenced remains chapter 11: that historical fact cannot be undone.

To have the case proceed in chapter 13, the debtor must seek conversion of the case from a case under chapter 11 of the Bankruptcy Code to a case under chapter 13 of the Bankruptcy Code.  To convert the case to chapter 13, the debtor must file a motion, as required by Fed. R. Bankr. P. 9014(a), which is made applicable by Fed. R. Bankr. P. 1017(f)(1).  Under 11 U.S.C. § 1112(d), the conversion of a chapter 11 case to chapter 13, unlike a request for dismissal under 11 U.S.C. § 1112(b)(1), does not statutorily require notice and a hearing.  Although Rule 9014(a) does require as to any motion commencing a contested matter that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought," the court will require service of any motion to convert on only the United States Trustee, and the debtor may modify the notice required under LBR 9013-1 to a three-day opportunity after filing to oppose the motion.  It is thus

ORDERED that the motion (Dkt. No. 10) is DENIED.  It is

further

    ORDERED that if a motion to convert the case to chapter 13 is filed, the motion need be served on only the United States Trustee, and the debtor may modify the notice required under LBR 9013-1 to a three-day opportunity after filing to oppose the motion.

                                            [Signed and dated above.]


Copies to:
Debtor; Debtor's attorney; Office of United States Trustee.